**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000832
17-FEB-2021
09:03 AM
Dkt. 35 ODSD**

NO. CAAP-19-0000832

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HARRY E. MOORE, Claimant-Appellant/Appellant, v.
ROBERTS HAWAII, INC., Employer-Appellee/Appellee,
and FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier-Appellee/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2019-216; DCD NO. 2-90-10587)

ORDER DISMISSING APPEAL
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Upon review of the record, it appears that:

(1) On January 9, 2020, self-represented Claimant-Appellant/Appellant Harry E. Moore (**Moore**) filed a statement of jurisdiction and opening brief;

(2) On January 10, 2020, Employer-Appellee/Appellee Roberts Hawaii, Inc., and Insurance Carrier-Appellee/Appellee First Insurance Company of Hawaii, Ltd. (together, **Employer**) filed a motion to strike the statement of jurisdiction and opening brief for failure to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rules 12.1 and 28(b), respectively. Moore did not file an opposition to the January 10, 2020 motion to strike;

(3) On February 4, 2020, the court granted the January 10, 2020 motion, struck the January 9, 2020 statement of jurisdiction and opening brief, and ordered Moore to file the statement of jurisdiction by February 18, 2020, and to file the opening brief in the manner and within the time prescribed by HRAP Rule 28(b);

(4)  On February 13, 2020, Moore filed a first amended opening brief that, like the January 9, 2020 opening brief, failed to include the elements required by HRAP Rule 28(b), including, *inter alia*, a concise statement of the case with record references, a statement of the points of error, a standard of review, an argument containing Moore's contentions on the points presented and the reasons therefor, with citations to authorities, statutes and parts of the record relied on, and a conclusion;

(5)  On February 18, 2020, Employer filed a motion to strike the first amended opening brief.  Moore did not file an opposition to the February 18, 2020 motion;

(6)  On April 29, 2020, the court granted the February 18, 2020 motion, struck the February 13, 2020 first amended opening brief, explained that the brief failed to comply with HRAP Rule 28(b), and ordered Moore to file a second amended opening brief by May 29, 2020.  The court also cautioned Moore that failure to comply with the order may result in sanctions, including, without limitation, the appeal being dismissed.  The appellate clerk served Moore with the April 29, 2020 order at his address of record;

(7)  Moore did not file a second amended opening brief or request an extension;

(8)  On September 23, 2020, the court provided Moore another opportunity to file a second amended opening brief. Specifically, the court ordered Moore to file a second amended opening brief by October 23, 2020, again explained the elements required by HRAP Rule 28(b) that were missing in the first amended opening brief, and again cautioned Moore that failure to comply with the order may result in sanctions, including, without limitation, the appeal being dismissed.  The appellate clerk served Moore with the September 23, 2020 order at his address of record;

(9)  Moore did not file a second amended opening brief or request an extension;

2

(10)   HRAP Rule 30 states, in part,

> When the brief of an appellant is otherwise not in
> conformity with these Rules, the appeal may be dismissed or
> the brief stricken and monetary or other sanctions may be
> levied by the appellate court. . . .   When a brief is filed,
> an appellate court shall not dismiss an appeal, . . . impose
> a monetary sanction, or strike a brief without an
> opportunity to resubmit an amended brief, without prior
> notice to the affected party, and without a meaningful
> opportunity to be heard[;]

(11)   The court has given Moore multiple opportunities to file an opening brief that complies with HRAP Rule 28(b), including two opportunities to file a second amended opening brief.  Further, the court twice cautioned Moore that failure to file a second amended opening brief may result in sanctions, including the appeal being dismissed.  Moore failed to file a second opening brief.  Therefore the court dismisses the appeal for failure to file a conforming opening brief;

(12)   On October 8, 2020, Employer's counsel, Laurie E. Keeno (**Keeno**), filed a Withdrawal and Substitution of Counsel, which was not signed by Employer's representatives, as required by HRAP Rule 50(b); and

(13)   Consequently, the court strikes the Withdrawal and Substitution of Counsel.

Therefore, IT IS HEREBY ORDERED that the October 8, 2020 Withdrawal and Substitution of Counsel is stricken, without prejudice to a notice of withdrawal and substitution of counsel that complies with HRAP Rule 50(b).

IT IS FURTHER ORDERED that the appeal in Case No. CAAP-19-0000832 is dismissed.

DATED:  Honolulu, Hawaiʻi, February 17, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge